IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| FRANCIS DENISE ANDERSON, #15935-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv611 |
| | | CRIM. NO. 4:09CR00011-002 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Francis Denise Anderson, a prisoner confined at FMC Carswell, proceeding *pro se*, filed this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence. The motion was referred for findings of fact, conclusions of law and recommendations for its disposition.

On October 14, 2009, Anderson was sentenced after a plea of guilty to 92 months of imprisonment for the offense of bank robbery, in violation of 18 U.S.C. § 2113(a). The judgment was entered on October 22, 2009. She did not appeal the judgment.

The present motion was filed on September 25, 2012. Anderson argued that she had newly discovered evidence showing that she should not have received a two point enhancement for possession of a weapon during the offense. The alleged newly discovered evidence was an affidavit from co-defendant Cynthia May Garcia. It is noted that Anderson's claim she did not have a weapon was raised in her objections to the Presentence Investigation Report. The issue was fully before the Court at the time of sentencing.

The motion should be denied as time-barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C.

§ 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

In the present case, the judgment was entered on October 22, 2009. Notice of appeal was due ten days later. Since Anderson did not appeal the conviction, her conviction became final for purposes of § 2255 on November 5, 2009. The present § 2255 motion had to be filed by November 5, 2010. It was not filed until September 25, 2012. Anderson asserted that she placed the present motion in the prison mailing system on September 24, 2012, thus the motion is deemed filed on that date pursuant to the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The present § 2255 motion was filed more than 22 months too late.

Anderson argued that the motion should not be dismissed as time-barred and that the one year limitations period should have started running on "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). She argued that the limitations period should have started running on the date her co-defendant's affidavit was signed on September 6, 2012. Nonetheless, the factual predicate of her claim was known to her at the time she was sentenced. In fact, she raised the issue about not being in possession of a weapon at the time of sentencing. The Presentence Investigation Report addressed this very issue in paragraph 22 and in the addendum regarding her objections. Furthermore, Anderson has not shown that this evidence could not have been discovered earlier through the exercise of due diligence. Anderson has not shown that this limitations period applies. She likewise failed to show that she is

2

entitled to any tolling. The present motion is time-barred. Finally, Anderson is not entitled to relief with respect to this issue for reasons specified in the PSI addendum.

In conclusion, the present § 2255 motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although the movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Anderson's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Anderson is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that the motion to vacate, set aside or correct Anderson's sentence pursuant to 28 U.S.C. § 2255 be denied and that the case be dismissed with prejudice. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 12th day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE